**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor**

v.

**Thomas Gene BOYD and Thomas Gene Boyd, Inc.**

No. LR–C–77–004.

United States District Court, E. D. Arkansas, W. D.

Sept. 15, 1981.

Robert A. Fitz, U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

John Langston, Little Rock, Ark., for defendants.

## ORDER

ROY, District Judge.

The Secretary of Labor filed this action for overtime compensation for the former employees of the defendants, Thomas Gene Boyd and Thomas Gene Boyd, Inc.

Thomas Gene Boyd, Inc., filed a Petition in Bankruptcy on July 14, 1978. The corporation obtained a discharge on September 1, 1978.

Thomas Gene Boyd, the individual defendant, filed a Petition in Bankruptcy on February 1, 1979. He was discharged in bankruptcy on April 25, 1979.

The claims of this lawsuit were listed in both bankruptcy petitions.

The foregoing petitions were filed prior to the effective date of the new Bankruptcy Code—October 1, 1979—and were, therefore, controlled by the old Bankruptcy Act.

Defendants have filed a Motion for Summary Judgment.

Section 17 of the old Act (11 U.S.C. § 35) describes those debts which are not affected by a discharge. Included are:

... wages which have been earned within three months before the date of com-

mencement of the proceedings in bankruptcy due to workmen, servants, clerks or traveling or city salesmen, on salary or commission basis, whole or part time, whether or not selling exclusively for the bankrupt;

The converse of that, of course, is that those wages earned outside those three months before the commencement of the proceedings are dischargeable.

Defendants, as a supplement to their Motion for Summary Judgment, provided the Court with an affidavit by the individual defendant, who states that the last date wages obligated to be paid would have been earned on December 17, 1977, the last date on which the defendants did business. Clearly, the dates of July 14, 1978, and February 1, 1979, the dates of filing petitions in bankruptcy for the corporate and individual defendants, respectively, are without the three-month period, and the overtime compensation claimed by plaintiff is discharged.

Therefore, the Motion for Summary Judgment filed by defendants herein must be, and is, granted, and the Complaint of the plaintiff is dismissed, with prejudice.

IT IS SO ORDERED.